UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CHOI'S BEER SHOP, LLC, on behalf of itself
and all others similarly situated,

                    Plaintiff,

      -against-

PNC MERCHANT SERVICES COMPANY, L.P.,

               Defendant.
--------------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 19-cv-5768 (FB)(CLP)

*Appearances:*
*For the Plaintiff*:
E. ADAM WEBB, ESQ.
WEBB, KLASE & LEMOND, LLC
1900 The Exchanges, SE, Suite 480
Atlanta, GA 30339

*For the Defendants*:
JUSTIN J. KONTUL, ESQ.
REED SMITH LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222

**BLOCK, Senior District Judge:**

Plaintiff Choi's Beer Shop LLC brings this breach of contract class action

against PNC Merchant Services Company.  Defendant moves to dismiss under

Federal Rule of Civil Procedure 12(b)(1).  For the following reasons, defendant's

motion is granted.

## I.      Background

For purposes of this motion, the Court takes as true the allegations in the

complaint and draws all inferences in plaintiff's favor. *See Weixel v. Board of Educ.*,

287 F.3d 138, 145 (2d Cir. 2002).

The class action complaint alleges the following facts.  In July 2017, plaintiff entered into a contract with defendant to provide payment processing services.  The contract states that defendant may charge a reasonable annual fee with 30 days' notice to offset various internal costs.  According to the complaint, defendant, in breach of this contract, assessed an unreasonable fee with less than 30 days' notice.

On September 3, 2019, defendant notified plaintiff that it would be charging an annual fee in the amount of $109.95.  On September 21, 2019, less than 30 days later, the annual fee was assessed and, on October 2, 2019, the annual fee was withdrawn from plaintiff's account.  Plaintiff alleges that this fee was unreasonable and only charged to pad defendant's bottom line.

The contract also requires plaintiff to provide notice of any disputed fees within 60 days of the fee being assessed.  On October 9, 2019, plaintiff mailed notice to defendant disputing its 2019 annual fee.  Two days later, plaintiff filed this class action complaint, alleging defendant assesses the same annual fee on all customers.

On October 16, 2019, defendant refunded the 2019 fee to plaintiff's account.[1]

---

[1] The card processing statement attached to defendant's motion shows that a refund was issued.  The Court also reviewed card processing statements from an earlier period attached to the complaint.  *See Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) ("[W]hen a plaintiff chooses not to attach to the complaint [a document] . . . which is integral to the complaint, the defendant may produce the prospectus when attacking the complaint.").  Additionally, plaintiff admits in its brief that it was refunded.  *See Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (Documents outside of the complaint may be "the basis for a dismissal . . . [if] no dispute exists regarding the authenticity or accuracy of the document.").

## II.     Mootness

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969).  In the context of a putative class action complaint, "if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot." *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994).

Defendant contends that the refund renders this action moot because plaintiff does not allege any damages other than the $109.95 fee.  The Court agrees as it can no longer can grant "any effectual relief." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal quotations omitted).

Plaintiff puts forth two arguments in opposition—neither of which are persuasive. First, plaintiff argues that the refund was unsolicited and, therefore, should not impact the relief requested.  However, plaintiff certainly "solicited" a refund by sending notice disputing the fee.[2]

Second, plaintiff argues that its request for declaratory and injunctive relief must survive.  However, these requests are premised on speculation that defendant

---

[2] Plaintiff argues that defendant cannot "pick off" the named plaintiff to avoid a class action.  No evidence suggests that is the case here, but, regardless, the court does not have jurisdiction without a ripe claim. *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care,* 433 F.3d 181, 199 (2d Cir. 2005) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendant, none may seek relief on behalf of himself or any other member of the class.").

will assess unreasonable fees in the future.  Speculative requests for injunctive or declaratory relief do not confer standing.  *See Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (plaintiff may not "rely on past injury to satisfy the injury requirement [of injunctive relief] but must show a likelihood that he . . . will be injured in the future" and the injury must not be "hypothetical"); *Marshall v. N.Y. State Pub. High Sch. Athletic Ass'n, Inc.*, 374 F.Supp.3d 276, 285 (W.D.N.Y. 2019) (declaratory relief can survive in a moot case only if "the behavior complained of . . . might predictably be repeated again.").

Accordingly, defendant refund renders plaintiff's claim moot and this court lacks subject matter jurisdiction.  *See, e.g., DeRaffele v. Cty of New Rochelle*, 2017 WL 2560008, at *5 (S.D.N.Y. June 13, 2017) (finding plaintiff's claims moot because defendants refunded the fine at issue).

### III.    Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED.

**IT IS SO ORDERED.**

 _/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

September 9, 2020
Brooklyn, New York